NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMPHREY O. UDDOH, | Civil Action No. 13-2719 (SRC) |
| Plaintiff, | |
| | OPINION & ORDER |
| v. | |
| SELECTIVE INSURANCE COMPANY OF AMERICA et al., | |
| Defendants. | |

**CHESLER**, District Judge

This motion comes before the Court on three motions: 1) the motion to dismiss for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants CNC Catastrophic and National Claims ("CNC") and Paul Pierce ("Pierce"); 2) the motion to dismiss for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Selective Insurance Company of America ("Selective"); and 3) the cross-motion for summary judgment by Plaintiff Humphrey O. Uddoh. For the reasons stated below, the motions to dismiss will be granted in part and denied in part, and the cross-motion for summary judgment will be denied.

The Complaint states that this case arises from a dispute between Plaintiff, the insured under a flood insurance policy issued by Selective, and Defendants: Selective (the insurer), CNC Catastrophic and National Claims (a company which provided adjusting services for Plaintiff's claim), and Paul Pierce (a senior adjuster at CNC). In brief, the Complaint alleges that Plaintiff filed a claim for flood loss under an insurance policy issued by Selective, that Selective

contracted with CNC to adjust the claim, that a CNC adjuster inspected Plaintiff's property and issued both a report and an "advance promise to pay," and that CNC subsequently sent adjuster Paul Pierce to further inspect Plaintiff's property under the false pretense that he is a structural engineer. The Complaint asserts four grievances: 1) a claim for coverage under the flood insurance policy; 2) a claim that Selective, CNC, and Pierce engaged in a fraudulent scheme to deprive Plaintiff of the insurance coverage to which he was entitled; 3) a claim that Defendants breached a contract by not paying either the $80,000 in damages documented in the adjuster's report or the $30,000 stated in the advance promise to pay;[1] and 4) a claim of common-law trespass against Pierce and CNC. The Complaint also makes one reference to "tortuous [sic] interference with contract," but these four claims capture the substance of what is complained of.

There appears to be no dispute that the Complaint states a valid claim for coverage under the flood insurance policy against Selective. Selective moves to dismiss any other state law claims against it, whether under legal theories of breach of contract or fraud, on the ground that federal law preempts all state law causes of action related to flood insurance claims. In response, Plaintiff acknowledges the controlling Third Circuit case on this issue, C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 268 (3d Cir. 2004), which holds, simply and clearly: "state-law claims are preempted by the NFIA." This is because, as the Third Circuit explained in In re Van Holt, 163 F.3d 161, 166 (3d Cir. 1998), an insurer issuing a policy under the National Flood Insurance Program "is a fiscal agent of the United States." Suits against insurers are, in effect, suits against the United States. Id. at 167. Van Holt makes clear that all causes of action

---

[1] It is not clear from the Complaint what contract is alleged to have been formed and then breached. It may be premised on the adjuster's report or on a document the Complaint calls the advance promise to pay, or both.

involving the adjustment of a claim are preempted by federal law:

> Although the Van Holts' claims sound in tort, their causes of action alleging impropriety in the investigation and adjustment of their insurance claim are intimately related to the disallowance of their insurance claim. . . . We now determine that Congress, had it considered the specific question, would have intended to confer original exclusive jurisdiction on the district court over claims sounding in tort arising out of the investigation or adjustment of insurance policies arising out of the administration and sale of insurance under the NFIA. We reach this conclusion because Liberty Mutual is a fiscal agent of the United States, FEMA would have borne the costs of the plaintiffs' insurance claim, and FEMA is obliged to reimburse Liberty Mutual for defense costs.

Id.

Plaintiff argues, however, that his state law claims are valid and not preempted pursuant to the Fifth Circuit's decision in Spence v. Omaha Indem. Ins. Co., 996 F.2d 793, 796 (5th Cir. 1993). The problem with this argument is that, in Spence, the Fifth Circuit found that federal law did not preempt a claim of fraudulent misrepresentation made in the process of "procurement" – the selling of the flood insurance policy. The claim in Spence that was not preempted did not concern fraudulent misrepresentation or breach of contract in the handling of claims, as the Complaint here alleges. Rather, the Spence Court held that "actions arising from partial or complete disallowance of flood insurance policy claims" *are* preempted. Id. Plaintiff has failed to show any basis to conclude that the preemption principle stated in C.E.R. and Van Holt does not bar his state law claims. The fraud claims in the Complaint concern the handling of Plaintiff's claim. They are preempted by federal law and will be dismissed with prejudice.

The same reasoning bars Plaintiff's claim for breach of contract in regard to the alleged commitments to pay $80,000 or $30,000 for his flood claim. Regardless of whether the alleged contract is the adjuster's report or the advance promise to pay, these issues are not separate from

3

the primary claim for insurance coverage, since they arise from the adjustment process. Rather, these claims for breach of contract under state law deal with issues of claims-handling and are preempted by federal law.

This disposes of the similar state law claims against CNC as well. It does not, however, deal with the common-law trespass claim, which is independent of the issues of insurance coverage and the claims-handling process. CNC and Pierce argue that the claim for trespass is not valid because the Complaint does not allege an unauthorized entry onto Plaintiff's property. It is true that the Complaint suggests that Plaintiff allowed Pierce entry to his property, but CNC overlooks the allegation that Plaintiff's consent was obtained by fraud. It is generally accepted that consent obtained by fraud is not effective as consent:

> § 892B Consent Under Mistake, Misrepresentation or Duress
>
> (1) Except as stated in Subsection (2), consent to conduct of another is effective for all consequences of the conduct and for the invasion of any interests resulting from it.
>
> (2) If the person consenting to the conduct of another is induced to consent by a substantial mistake concerning the nature of the invasion of his interests or the extent of the harm to be expected from it and the mistake is known to the other or is induced by the other's misrepresentation, the consent is not effective for the unexpected invasion or harm.

Restatement (Second) of Torts, § 892B. The Complaint alleges that Pierce obtained Plaintiff's consent to enter by "falsely identifying himself as a Structural Engineer." (Compl. at 2.) This is sufficient to support a claim that Plaintiff was induced to consent by Pierce's misrepresentation, and that such consent is not legally effective as authorization which precludes a claim for trespass. As to the claim for trespass, the motion to dismiss will be denied.

In conclusion, the motions to dismiss the Complaint will be granted in part and denied in

part. Two claims survive the motions to dismiss: 1) the claim for flood insurance coverage against Selective; and 2) the trespass claim against all Defendants under New Jersey common law.

Plaintiff filed, as a cross-motion, a motion for summary judgment. As Defendants observe, discovery has not begun in this case, and the factual record has not been developed to the point that the material facts of the case are clear. Indeed, as Defendants note, subsequent to the filing of his cross-motion for summary judgment, Plaintiff filed a motion to compel production of the adjuster's report. There can be no doubt that, in the absence of the adjuster's report (among other things), the claim for coverage under the policy is not ready for a decision as a matter of law. Similarly, the facts in regard to the claim of trespass are not at all clear. The cross-motion for summary judgment will be denied.

For these reasons,

**IT IS** on this 16th day of January, 2014, hereby

**ORDERED** that the motion to dismiss the Complaint by Defendant Selective Insurance Company of America (Docket Entry No. 27) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the motion to dismiss the Complaint by Defendants CNC and Pierce (Docket Entry No. 26) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, except for the claim for trespass in violation of the common law, all the state law claims in the Complaint are **DISMISSED** with prejudice; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Docket Entry No. 33) is **DENIED**.

                                                             s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J