<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HUMPHREY O. UDDOH, | Civil Action No. 13-2719 (SRC) |
| Plaintiff, |  |
| v. | **OPINION & ORDER** |
| SELECTIVE INSURANCE COMPANY OF AMERICA et al., |  |
| Defendants. |  |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on two motions: 1) the appeal of Magistrate Judge Waldor's order, filed June 8, 2016, by Plaintiff Humphrey O. Uddoh; and 2) the cross-motion to strike the appeal or, alternatively, to place the briefing under seal, by Defendant Selective Insurance Company of America ("Selective"). For the reasons stated below, the Magistrate Judge's order will be affirmed, and the cross-motion to strike will be denied.

The text order appealed from, Docket Entry No. 122, states: "Discovery will proceed pursuant to the Amended Scheduling Order (ECF No. 121). The Plaintiffs request for an Evidentiary Hearing will be reconsidered after the close of discovery."

The background to this appeal is as follows. On February 6, 2015, Plaintiff filed a letter asking Magistrate Judge Waldor to stay discovery and to hold an evidentiary hearing on the questions of whether Selective has complied with the terms of the Hurricane Sandy Case Management Order, and whether sanctions, obstruction charges, and spoliation charges should be imposed by the Court. (Docket Entry No. 92.) The Magistrate Judge granted the application

and scheduled an evidentiary hearing for May 18, 2015, but a series of temporary stay orders on all Hurricane Sandy litigation prevented the hearing from being held. On January 16, 2016, the last temporary stay was lifted. In a letter dated April 7, 2016, Selective urged the Magistrate Judge to reconsider the matter of the evidentiary hearing, contending that Plaintiff had already obtained the evidence that he had sought to obtain at the hearing. On June 6, 2016, Plaintiff renewed his request for the evidentiary hearing. On June 7, 2016, the Magistrate Judge conducted a conference in which she heard from the parties about this issue. The Magistrate Judge then denied Plaintiff's renewed request without prejudice, ordering that it would be reconsidered after the close of discovery. Plaintiff appeals this decision.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In this District, when "the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). The scheduling of discovery is a matter entrusted to the Magistrate Judge's discretion. Plaintiff has not persuaded this Court that the order at issue is clearly erroneous or contrary to law, nor that the Magistrate Judge abused her discretion in deciding that discovery should be completed before reconsideration of Plaintiff's application for a hearing. Magistrate Judge Waldor's order, filed June 8, 2016, will be affirmed.

The cross-motion to strike the appeal or, alternatively, to seal it, will be denied.

For these reasons,

**IT IS** on this 1st day of September, 2016, hereby

**ORDERED** that Plaintiff's appeal (Docket Entry No. 124) of the Magistrate Judge's

order entered June 8, 2016 is **DENIED**; and it is further

 **ORDERED** that Defendant's cross-motion to strike Plaintiff's appeal (Docket Entry No. 132) is **DENIED**; and it is further

 **ORDERED** that the Magistrate Judge's order (Docket Entry No. 122), entered June 8, 2016, is **AFFIRMED**.

             s/ Stanley R. Chesler
             Stanley R. Chesler, U.S.D.J