<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HUMPHREY O. UDDOH, | : | **Civil Action No. 13-2719 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| SELECTIVE INSURANCE COMPANY | : | |
| OF AMERICA et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the appeal of Magistrate Judge Waldor's order, filed September 11, 2017, by Plaintiff Humphrey O. Uddoh. Defendant Selective Insurance Company of America ("Selective") has opposed the appeal. Plaintiff did not file a reply brief. For the reasons stated below, the Magistrate Judge's order will be affirmed.

The letter order appealed from resolved two motions for reconsideration: 1) Plaintiff sought reconsideration of the Magistrate Judge's order, filed June 7, 2017, which denied his application for leave to file a motion for leave to amend the Complaint; and 2) Defendant sought reconsideration of the Magistrate Judge's text order, filed May 3, 2017, which stated, in pertinent part: "Nicholas Vytell and Gerald Nielsen will be deposed on June 9, 2017 in accordance with the limitations discussed on the record on May 3, 2017." In the letter order of September 11, 2017, Magistrate Judge Waldor denied Plaintiff's motion for reconsideration and granted Defendant's motion for reconsideration. As to Defendant's motion for reconsideration, the Magistrate Judge reversed her decision of May 3, 2017 and granted the motion to quash.

Plaintiff has appealed both component decisions of the letter order filed September 11, 2017. As to the motion to quash, Plaintiff contends that the Magistrate Judge reversed herself without explanation. This is incorrect. In the letter order filed September 11, 2017, the Magistrate Judge explained the basis for the reversal clearly: "Plaintiff fails to make the connection between the testimony he would elicit from the lawyers regarding potential violation of a Court order and a breach of contract by Selective." (Order of September 11, 2017 at 3.) Plaintiff's appeal brief does not address the explanation provided by the Magistrate Judge, nor does it deal with the issue of the connection between the testimony sought and the breach of contract claim. Plaintiff has offered this Court no basis to find that the Magistrate Judge erred on this issue.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In this District, when "the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefsky v. Panasonic Communs. & Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996). A motion to quash raises an issue of discovery, which is an area entrusted to the Magistrate Judge's discretion. Plaintiff has not persuaded this Court that the order at issue is clearly erroneous or contrary to law, nor that the Magistrate Judge abused her discretion in deciding to grant both the motion for reconsideration and the underlying motion to quash. To the contrary, Plaintiff has not addressed the basis for the decision stated by the Magistrate Judge. As to the decision to grant reconsideration and to grant the motion to quash, Magistrate Judge Waldor's order, filed September 11, 2017, will be affirmed.

As to the issue of amending the Complaint, the letter order of September 11, 2017

explained that the request to file a motion to amend the Complaint was denied on the grounds of futility. (Order of September 11, 2017 at 1.) Specifically, the letter order explained that Plaintiff sought to amend the Complaint to assert a claim or claims related to Defendant's alleged falsification of adjusters' reports, but that Plaintiff had failed to allege sufficient facts to plausibly give rise to any inference of forgery or falsification.

Plaintiff's appeal brief offers a tangle of arguments on the issue of amending the Complaint, but they do not address the futility determination that was the basis for the decision appealed from. Plaintiff has presented this Court with little basis to find that the Magistrate Judge erred in this conclusion. Plaintiff's appeal brief alleges that the adjuster testified that he authored just three reports on the property at issue, but that there are eight final reports in existence. Plaintiff does not explain how these allegations give rise to a fraud claim. Accepting these allegations as true, this Court does not understand how these facts impact Plaintiff's case in any material way. On this record, this Court believes that the Magistrate Judge correctly concluded that Plaintiff failed to allege sufficient facts to plausibly give rise to any inference of material, actionable forgery or falsification. As to the decision denying the application to file a motion for leave to amend, Plaintiff has not persuaded this Court that the order at issue is clearly erroneous or contrary to law. As to the decision to deny the motion for reconsideration of the order denying the application for leave to file a motion to amend the complaint, Magistrate Judge Waldor's order, filed September 11, 2017, will be affirmed.

Defendant argues as well that Plaintiff's appeal should be denied as untimely. Local Civil Rule 72.1(c)(1)(A) provides that an appeal from a Magistrate Judge's determination of a non-dispositive matter may be filed within 14 days of the date the party was served with the

order appealed from. The Court docket shows that the Magistrate Judge's order, filed September 11, 2017, was posted to the docket the following day, September 12, 2017. The deadline for filing an appeal, Defendant contends, was 14 days after that, or September 26, 2017. Plaintiff filed his appeal on October 11, 2017, which makes the appeal untimely. Plaintiff did not file a reply brief to counter this argument. This Court finds that the untimeliness of the appeal provides an additional basis for denying it.

For these reasons,

**IT IS** on this 19th day of December, 2017, hereby

**ORDERED** that Plaintiff's appeal (Docket Entry No. 208) of the Magistrate Judge's order entered September 11, 2017 is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's order (Docket Entry No. 197), entered September 11, 2017, is **AFFIRMED**.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J
