NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMPHREY O. UDDOH, | Civil Action No. 13-2719 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| SELECTIVE INSURANCE COMPANY OF AMERICA et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on two motions: 1) the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant Selective Insurance Company of America ("Selective"); and 2) the cross-motion for summary judgment and other relief by Plaintiff Humphrey O. Uddoh. For the reasons stated below, Selective's motion will be granted, and Plaintiff's motion will be denied.

This case arises from a dispute over a flood insurance claim made by Plaintiff, whose property was insured by Selective under the National Flood Insurance Program ("NFIP"). Selective now moves for summary judgment on four grounds: 1) Plaintiff is barred from recovery because he failed to file a sufficient Proof of Loss; 2) under the terms of the Policy, Plaintiff's claimed damages do not exceed his deductible amount; 3) Plaintiff cannot sustain a claim for structural damage; and 4) under the terms of the Policy, Plaintiff's recovery is limited to the actual cash value of covered flood damages, but Plaintiff has no evidence of the actual cash value. Because this Court will grant Selective's motion on the basis of the first and last

point, it need not reach the others.

There is no dispute that a NFIP flood insurance Policy must conform to the requirements of the Standard Flood Insurance Policy ("SFIP"), which is incorporated by reference in 44 C.F.R. § 61.13. As the Third Circuit has stated:

> Federal common law governs the interpretation of the SFIP. The SFIP is construed in accordance with its plain, unambiguous meaning, in order to fashion uniform interpretation throughout the country and avoid state to state coverage variances. . . .
>
> Because any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required.

Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 809 (3d Cir. 2005) (citations omitted).

As to the first argument, Selective contends that Plaintiff is barred from recovery because he failed to submit a Proof of Loss that satisfies SFIP requirements:

> J. Requirements in Case of Loss
> In case of a flood loss to insured property, you must:
> . . .
> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> > a. The date and time of loss;
> > b. A brief explanation of how the loss happened;
> > c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> > d. Details of any other insurance that may cover the loss;
> > e. Changes in title or occupancy of the covered property during the term of the policy;
> > f. Specifications of damaged buildings and detailed repair estimates;
> > g. Names of mortgagees or anyone else having a lien, charge, or claim against the covered property;

>           h. Details about who occupied any insured building at the time of loss and
>           for what purpose; and
>           i. The inventory of damaged personal property described in J.3. above.
>     5.    In completing the proof of loss, you must use your own judgment
>           concerning the amount of loss and justify that amount.

44 C.F.R. Pt. 61, App. A(1), Art. VII(J).  Selective submitted a two-page document that it contends was Plaintiff's Proof of Loss submission.  (Callahan Cert. Ex. B.)  Page 1 of this document is a completed, signed, and notarized Proof of Loss form, and page 2 is a repair estimate from A's & D's Home Enhancement LLC.  (Id.)  In Selective's L. Civ. R. 56.1 statement, paragraphs 16 and 17 cite the exhibit containing these two pages, and assert that Plaintiff filed them as his Proof of Loss.  (Def.'s 56.1 Stmt. ¶¶ 16, 17.)

Plaintiff did not submit the responsive factual statement required by L. Civ. R. 56.1(a), which states:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Because Plaintiff did not submit a responsive statement of material facts, the facts asserted in paragraphs 16 and 17 of Selective's Rule 56.1 statement are deemed undisputed: Selective has provided an authentic copy of Plaintiff's Proof of Loss submission.[1]

Selective argues that the submitted Proof of Loss did not comply with the requirements of the SFIP, as quoted above.  Selective cites Forman v. Fed. Emergency Mgmt. Agency, 138

---

[1] Moreover, it is clear from the brief and exhibits submitted by Plaintiff in support of his cross-motion that Plaintiff agrees that he signed and submitted the Proof of Loss document that Selective has offered.

3

F.3d 543, 545 (5th Cir. 1998), which is, indeed, apposite:

> Although we have serious reservations about whether appellant's filing of the Proof of Loss was timely under the facts of this case, we do not decide this appeal on that basis. Rather, we uphold the district court's finding that appellants' Proof of Loss (assuming it was filed in a timely manner) was inadequate. By writing "THESE FIGURES ARE UNACCEPTABLE" next to the listed amounts, appellants in effect nullified any representations as to the "actual cash value loss" or "the net amount claimed" that these figures otherwise would have made. Moreover, by failing to provide "acceptable" damage figures of their own, appellants did not provide any sworn information whereby FEMA could evaluate "the merits of their claim." Appellants' presumption that their claim could be processed in these circumstances is simply implausible, if not absurd.

The instant case presents similar facts. Here, the Proof of Loss form has typed entries which state a full cost of repair of $1,957.99. Written across the face of the form, in large print, are two comments: "CNC Adjuster Daniel Jules has submitted his report to Selective already for $21,000. A payment of that amount is Demanded!!" (Callahan Cert. Ex. B at 1.) The second written comment states: "Mr. Jules also submitted an advance payment request dated 10/29/12 for $30,000." (Id.) Then, attached to the Proof of Loss is a repair estimate from A's & D's Home Enhancement LLC, which gives a repair estimate of $26,000. (Id. at 2.) Thus, the Proof of Loss form contains four different amounts for the claim value, ranging from $1,957.99 to $30,000. As the Fifth Circuit commented about a proof of loss that is markedly clearer than this one, it is implausible that Selective could have processed this claim. Which of the four figures should Selective have recognized as Plaintiff's claim?

In opposition, Plaintiff filed a cross-motion that is 52 pages long. Plaintiff argues that Selective's challenge to his Proof of Loss submission is meritless, on two grounds: 1) Selective used a fraudulent adjuster's report as the basis for its denial of the claim, rather than the Proof of Loss submission; and 2) Selective's attorneys had a duty to inform Plaintiff that they intended to

4

move for summary judgment and did not do so, thus depriving Plaintiff of his right to correct the Proof of Loss. Plaintiff's brief cites no legal authority in support of his arguments. In particular, Plaintiff has cited no authority for the proposition that a claimant may be excused from the requirements stated in 44 C.F.R. § 61.13. Nor has Plaintiff cited any authority for the proposition that he has an enforceable right to amend his Proof of Loss during litigation against the insurer.[2] Plaintiff has failed to defeat Selective's motion for summary judgment.

The undisputed evidence of record shows that Plaintiff submitted to Selective an incomprehensible Proof of Loss form, one that was so confusing as to be impossible to process, and then sued the insurer for denying his claim.[3] Plaintiff's Proof of Loss submission is incomprehensible and does not comply with the requirements of the SFIP. Plaintiff, in opposition, has failed to demonstrate that any factual disputes preclude the entry of Judgment as a matter of law. Selective did not breach its contract with Plaintiff when it denied his claim. As

---

[2] Furthermore, the Court observes that Selective filed an Answer that states this affirmative defense:

16.  There is no proper signed and sworn Proof of Loss in support of any amount of damages claimed meeting the requirements of Article VII(J)(4) of the SFIP. Because of the failure to comply with the proof of loss requirement, Plaintiff's claims are barred as a matter of law.

Plaintiff cannot reasonably claim that he was not on notice of this affirmative defense.

[3] The Court also notes the following facts, which had no role in today's decision: first, it is undisputed that Plaintiff is an attorney. Second, he has sued Selective twice before over prior claims in this district, and the Court has looked at the previous decisions in these two cases. In Civil Action No. 10-1804, the Court granted Selective's motion for summary judgment on the ground that Plaintiff had failed to file a Proof of Loss form. (Civil Action No. 10-1804, Docket Entry No. 62 at 4.) In Civil Action No. 12-419, the Court granted Selective's motion for summary judgment on the ground that, while Plaintiff had filed a Proof of Loss, the Proof of Loss did not comply with SFIP requirements. (Civil Action No. 12-419, Docket Entry No. 67 at 9-12.)

to Plaintiff's claim that Selective breached its contract with him, Defendant's motion for summary judgment will be granted.

Selective makes an additional argument which provides another basis for granting the motion for summary judgment: Selective argues that, under the terms of Plaintiff's Policy, he is covered only for the actual cash value of his losses.[4] (Callahan Cert. Ex. A.) Selective contends that, at 44 C.F.R. Pt. 61, App. A(1), Art. II(B)(2), the SFIP defines actual cash value as the replacement cost less the value of physical depreciation. Selective contends that Plaintiff submitted nothing from which Selective could determine the value of physical depreciation for the property. Moreover, despite years of litigation in this case – now five years old –, Plaintiff has still offered no evidence of depreciation value. Given this, Selective argues, Plaintiff cannot demonstrate to this Court that he is entitled to any recovery for his losses. Plaintiff's opposition neither addresses this argument nor points to any evidence of the value of physical depreciation for his losses. Because Plaintiff has no evidence of the value of physical depreciation for his losses, Plaintiff cannot prove the actual cash value of his losses. Because Plaintiff cannot prove the actual cash value of his losses, Selective is entitled to judgment as a matter of law on the breach of contract claim. This provides an alternative basis for granting Selective's motion for summary judgment.

Selective's motion for summary judgment will be granted, and, as to Plaintiff's claim for breach of contract, Judgment will be entered in Defendant's favor.

Plaintiff filed a cross-motion for summary judgment, seeking "Summary Judgment due to

---

[4] Selective points out that, under the terms of the SFIP, the only coverage available for a two-family home such as Plaintiff's is limited to the actual cash value of any loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(V)(4). Plaintiff has not disputed this assertion.

Selective's bad faith Breach of Coverage, Trespass, and violations of the New Jersey Consumer Fraud Act." (Pl.'s Opp. Br. at 2.) As to the cross-motion for summary judgment on the breach of contract claim, this Court has just granted Selective's motion. This claim has been decided. As to the assertion of a motion for summary judgment on claims for trespass and violations of the NJCFA, the Complaint does not contain such claims against Selective.[5] A motion for summary judgment on non-existent claims is a nullity.

Plaintiff's cross-motion also seeks various sanctions against Selective, "given their bad faith denial of coverage . . , their obstruction, and for the blatantly unethical undertakings . . . in 'defending' this action." (Pl.'s Opp. Br. 2.) This Court has just ruled in favor of Selective on Plaintiff's breach of contract claim. Given that, Plaintiff cannot prove a bad faith denial of coverage.

Plaintiff next contends that this Court should sanction Selective under Federal Rule of Civil Procedure 37, pursuant to Raimey v. Wright Nat'l Flood Ins. Co., 76 F. Supp. 3d 452, 454 (E.D.N.Y. 2014). Plaintiff contends that this Court should issue interrogatories to Selective and its attorneys on several matters "for determination and imposition." (Pl.'s Opp. Br. 44.) Rule 56(a) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, Plaintiff contends that further discovery is needed in order for the Court to make a determination about sanctions. Discovery, however, closed at the end of November, 2017, and

---

[5] The Complaint asserts a claim of trespass against CNC and Pierce, Defendants who have been terminated, but not against Selective. Plaintiff's brief later argues for summary judgment on a claim under New Jersey's Unfair Claims Practices Act, N.J. Stat. Ann. § 17B:30-13.1. The Complaint does not contain such a claim.

shall not be reopened. Plaintiff has thus not demonstrated that, as to sanctions, he is entitled to judgment as a matter of law. The cross-motion for sanctions will be denied.

Selective's motion for summary judgment on the breach of contract claim is granted, and Judgment on Plaintiff's breach of contract claim will be entered in Plaintiff's favor. Plaintiff's cross-motion will be denied. Because the other Defendants in this case have previously been terminated, this resolves the last pending claim in the Complaint, and this case will be closed.

                                                     s/ Stanley R. Chesler
                                                     Stanley R. Chesler, U.S.D.J

Dated: May 7, 2018